## Thomas Dunn *v.* Vannerson *et al.*

The plaintiff of record is the party legally entitled to the money collected on the execution.

A mere notice to the attorney of record not to pay over the money collected to the plaintiff, given by persons claiming to be interested in the fund, will not justify him in detaining the same in his hands. The claimants must resort to an injunction.

Where an attorney detains money in his hands which he has collected, without a legal right to do so, he will be required to pay the same, on motion, with the damages allowed by statute.

IN ERROR from the circuit court of the county of Adams.

SANDERS for plaintiff in error.

MONTGOMERY *contra.*

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The plaintiff in error made his motion in the circuit court of Adams county against the defendants, as attorneys, to compel them to pay over money which had been collected on an execution in favor of Dolan and Dunn, the defendants, as attorneys of record, having received the money from the sheriff.

In support of his motion the plaintiff introduced and read the original judgment, which is in favor of James Dolan and Thomas Dunn, as partners, under the name of Dolan & Co. The execution was also introduced, which had been returned satisfied, and on which was indorsed the receipt of the defendants for the money. The plaintiff also proved by a witness that the money had been demanded of defendants and payment refused, defendants admitting that it had been collected. The plaintiff then made out a case which certainly entitled him to a judgment for the amount collected and damages, after deducting fees for collect-

Thomas Dunn *v.* Vannerson *et al.*

ing; and unless the defendants had a good defence, the motion should have been sustained, for the statute is positive as to the remedy.   How. & Hutch. Dig. 281.

To defeat the motion the defendants filed an answer in which they state, that part of the money was claimed by another person who professed to be a member of the firm, and that they had been notified not to pay it over.   They also aver that the firm of Dolan & Co. consisted of four persons, all of whom were equally entitled to the money.   Their receipt, however, was given in the names of Dolan & Dunn, and so is the judgment.   They also aver partial payments to the other partners, and an unsettled account with all of them.   It is also averred that the receipt given by Vannerson & Baker for the note had been altered by erasing two names, and the declaration is said to exhibit a similar erasure. They introduced J. S. B. Thatcher as a witness, who stated that as the attorney for one of the claimants he had given defendants notice not to pay over the money, and it also appears that garnishment process had been served on them in which a part of the money was claimed by a creditor of Foley.   A witness also stated that when the money was demanded, payment was refused because a part of the money was claimed by Foley, and because his attorney had notified defendants that he intended to file a bill to enjoin the payment.

The matters set up in the answer are not to be taken as evidence, even if they constituted a good defence, nor does the evidence strengthen the statements in the answer.   The plaintiff of record is the party legally entitled to receive the money collected under execution, and his claim is not to be defeated by a vague claim made by others.   Nor will a mere notice to the attorney to hold the money until the respective rights can be tested, afford him any excuse.   If other parties claim the fund, the remedy is plain, and nothing but an injunction will justify the attorney in withholding payment.   The erasure in the receipt and declaration established nothing to the purpose.   They are calculated to raise a presumption against the claim of any persons except those in whose names the suit proceeded to judgment.   The fees for collecting constituted the only lien which the attorneys had on the fund; consequently their unsettled accounts cannot excuse them.   The

Thomas Dunn *v.* Vannerson *et al.*

receipt given for the note contains an agreement that fifty dollars in addition to the fees for collecting, were to be retained out of the money when collected, and this amount, therefore, the defendants had a right to retain; but farther than this they are without excuse, as no legal right whatever was shown by any other person than the plaintff, as survivor. The defendants, therefore, should have been at no loss as to whom the money was to be paid. For these reasons we think the court erred in overruling the motion, and accordingly reverse the judgment, and give judgment for the plaintiff.

JUDGMENT:

It is therefore ordered and adjudged by this court, that the plaintiff do have and recover of the said defendants, Vannerson & Baker, six hundred and nineteen dollars and fifty-two cents, with thirty per cent. per annum damages thereon in lieu of interest, from the 18th day of August, in the year of our Lord one thousand eight hundred and forty until paid; also the sum of six hundred and forty-six dollars and seventy-two cents, together with thirty per cent. per annum damages, in lieu of interest thereon from the 21st day of December, A. D. 1840, until paid, being for moneys collected by defendants as attorneys at law for plaintiff, which they failed to pay over. Also for the sum of ten dollars costs expended by the said plaintiff in error in the circuit court; and also the costs of this suit on this behalf expended.